IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **DEISY DAVILA BAUTISTA, Guardian for ANGIE ZUE BROOKS, JANNIEL BROOKS, a minor,** ) ) ) ) | |
| **Plaintiffs,** ) ) | Case No. 3:19-cv-0116 |
| v. ) ) | |
| **ST. THOMAS EAST END MEDICAL CENTER CORP. and NACHET WILLIAMS-PRINCE,** ) ) ) | |
| **Defendants.** ) ) | |

**ORDER**

**BEFORE THE COURT** is the Defendants' motion to dismiss for failure to exhaust administrative remedies filed on February 4, 2020. (ECF No. 20.) Plaintiffs filed an opposition on March 6, 2020. (ECF No. 32.) For the reasons stated below, the Court will grant the motion.

### I.   FACTUAL AND PROCEDURAL HISTORY

On December 7, 2018, Deisy Davila Bautista and Janniel Brooks (collectively, the "Plaintiffs") filed a complaint in the Virgin Islands Superior Court against St. Thomas East End Medical Center Corp ("STEEMC") and Nachet Williams-Prince, a physician assistant with STEEMC.[1] The Plaintiffs allege four claims against STEEMC and Williams-Prince for allegedly negligent treatment provided by Williams-Prince and STEEMC on January 26, 2018.

On December 9, 2019, the United States removed the Plaintiff's complaint to this Court pursuant to 42 U.S.C. § 233, certifying that "[Williams-]Prince was acting within the scope of her employment with the [STEEMC] at the time of the alleged incidents giving rise to the lawsuit, and is therefore eligible for Federal Tort Claims Act coverage." ECF No. 1, Ex. 1 at 2.

---

[1] The Complaint also brought claims against several other defendants. On June 17, 2020, the Court dismissed the remaining defendants at the Plaintiffs request. *See* ECF No. 47.

On February 4, 2020, the Defendants moved to dismiss the Plaintiffs' complaint for failure to exhaust administrative remedies. Defendants assert that at the time the Plaintiffs filed their complaint, they had not submitted a claim to the Department of Health and Human Services as required by the Federal Tort Claims Act ("FTCA"). In support of its motion, the Defendants provided the declaration of Meredith Torres ("Torres"), a Senior Attorney in the General Law Division, Office of General Counsel, Department of Health and Human Services. Torres averred that STEEMC "was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2016, and that its coverage has continued without interruption since that time." ECF No. 1, Ex. 3 at ¶ 5. Torres further averred that, while the Plaintiffs had filed an administrative tort claim with the Department of Health and Human Services, they only did so on August 29, 2019, several months after commencing the present action.

On March 6, 2020, the Plaintiffs filed an opposition to the Defendants' motion to dismiss. The Plaintiffs acknowledge that they did not file a tort claim with the Department of Health and Human Services until after they brought this action. The Plaintiffs raise two arguments. First, the Plaintiffs argue that they are not required to plead exhaustion in their complaint and that the Court must construe the Defendants' motion as a facial motion to dismiss. Because the Court cannot look beyond the pleadings and because the Plaintiffs had no obligation to plead exhaustion, the argument goes, the Court must deny the motion to dismiss. Second, the Plaintiffs argue that while this action was pending, they exhausted their administrative remedies and will file an amended complaint alleging as much. To date, they have not done so.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") governs motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be treated as either a facial or a factual challenge to a court's subject-matter jurisdiction. *See Gould Elecs. V. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 189-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (explaining that standard for facial attacks under Rule 12(b) is "whether the allegations on the face of the complaint, taken

Case: 3:19-cv-00116-RAM-RM   Document #: 50   Filed: 08/12/20   Page 3 of 6

Bautista, et al. v. St. Thomas East End Medical Center Corp., et al.
Case No. 3:19-cv-0116
Order
Page 3 of 6

as true, allege facts sufficient to invoke the jurisdiction of the district court"). A factual challenge, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (alterations omitted) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). Where a motion to dismiss factually challenges the district court's jurisdiction, the court is not confined to the allegations in the complaint, but can consider other evidence, such as affidavits, depositions, and testimony, to resolve factual issues related to jurisdiction. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (stating that because at issue is the very power of the trial court to hear the case, a court is free to weigh evidence beyond the allegations in the complaint). Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

### III.   ANALYSIS

#### A. Facial or Factual Challenge

The plaintiffs argue that, because the Defendants has not yet filed an answer to their complaint, the Court must construe the United States' motion to dismiss as a facial motion to dismiss.

As a general rule, a party may mount a factual attack on the existence of subject-matter jurisdiction only after filing an answer or engaging in discovery. *See, e.g.*, *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial."). This general rule is not without exception, however: So long as the plaintiff is afforded "an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of his jurisdictional contention," a district court may consider a pre-answer factual motion to dismiss. *Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990) (quoting  *Local 336, American Federation of Musicians, AFL–CIO v. Bonatz,* 475 F.2d 433, 437 (3d Cir. 1973)).

Case: 3:19-cv-00116-RAM-RM   Document #: 50   Filed: 08/12/20   Page 4 of 6

Bautista, et al. v. St. Thomas East End Medical Center Corp., et al.
Case No. 3:19-cv-0116
Order
Page 4 of 6

Here, the Plaintiffs concede to every factual assertion made by the Defendants in its motion to dismiss. Under these circumstances, the Court may properly consider facts outside the allegations in the Plaintiff's complaint when ruling on the United States' motion to dismiss. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (explaining that, when ruling on motion to dismiss based on "the complaint supplemented by undisputed facts evidenced in the record," a district court "need not decide among conflicting factual positions" and there is no need to "give the plaintiff an opportunity for discovery and for a hearing").

### B. Failure to Exhaust Administrative Remedies

As mentioned above, the Defendants filed the instant motion to dismiss based on the Plaintiffs' failure to exhaust their administrative remedies. In *Lomando*, the Third Circuit Court of Appeals stated:

> Under 42 U.S.C. § 254b(c)(1)(A), the government "may make grants to public and nonprofit private entities for projects to plan and develop health centers which will serve medically underserved populations." As the court described in *Wilson v. Big Sandy Health Care, Inc.,* 576 F.3d 329, 333 (6th Cir.2009), "[i]n part due to the relatively high cost of obtaining malpractice insurance for treatment of ... high-risk patients ... the efforts to provide necessary medical care in ... underserved areas initially faced significant roadblocks." In response, Congress passed the Federally Supported Health Centers Assistance Act of 1992 ("1992 Act"), Pub.L. No. 102–501, 106 Stat. 3268 (codified as amended at 42 U.S.C. §§ 201, 233).
> The 1992 Act created a process by which "public and nonprofit private entities" receiving federal funds pursuant to 42 U.S.C. § 254b(c)(1)(A) and health practitioners that such entities employ "shall be deemed to be [employees] of the Public Health Service." 42 U.S.C. § 233(g)(1)(A). This treatment of health care centers receiving section 254b funding and practitioners at them is highly significant, for an action against the United States under the FTCA is the exclusive remedy for persons alleging "personal injury, including death, resulting from the performance of medical . . . or related functions" by Public Health Service employees acting within the scope of their employment. 42 U.S.C. § 233(a); *see also* 42 U.S.C. § 233(g)(1)(A) (reiterating subsection 233(a)'s exclusivity clause).

*Lomando v. United States*, 667 F.3d 363, 371–72 (3d Cir. 2011)

"As a sovereign, the United States is immune from suit unless it consents to be sued." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA "is a limited

Case: 3:19-cv-00116-RAM-RM Document #: 50 Filed: 08/12/20 Page 5 of 6

Bautista, et al. v. St. Thomas East End Medical Center Corp., et al.
Case No. 3:19-cv-0116
Order
Page 5 of 6

waiver of the sovereign immunity of the United States." *Miller v. Philadelphia Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006). The FTCA's "established procedures have been strictly construed" and courts must take care not "to extend the waiver beyond that which Congress intended." *White-Squire*, 592 F.3d at 456 (internal quotation marks omitted).

With respect to exhaustion, the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "This requirement is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015).

In *McNeil v. United States*, 508 U.S. 106 (1993) the plaintiff filed a complaint in the district court against the Department of Health and Human Services under the FTCA. *Id.* at 107-08. Four months later, the plaintiff submitted an administrative claim to the Department of Health and Services. *Id.* at 108. That claim was denied two weeks later. *Id.* Sometime after the plaintiff's administrative claim was denied, the district court dismissed his complaint for failure to exhaust administrative remedies. *Id.* at 109. The plaintiff appealed, and the Seventh Circuit affirmed. *Id.* at 109-10. The United States Supreme Court granted certiorari and affirmed the Seventh Circuit. *Id.* at 113. In affirming the decision, the Supreme Court stated:

> In its statutory context, we think the normal interpretation of the word "institute" is synonymous with the words "begin" and "commence." The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.


*Id.* at 112 (footnote omitted).

Here, the Plaintiffs instituted their action on December 7, 2018, by filing their complaint in the Superior Court. On August 29, 2019, while their action was pending, they submitted an administrative claim to the Department of Health and Human Services.[2] Because the Plaintiffs failed to submit that claim before invoking the judicial process, their complaint must be dismissed for failure to exhaust administrative remedies. *See McNeil*, 50 U.S. at 112; *see also Hoffenberg v. Provost*, 154 F. App'x 307, 310 (3d Cir. 2005) (rejecting defendant's argument that, "by amending his complaint after the conclusion of the BOP proceedings, he had essentially re-filed his federal suit, thus fulfilling the FTCA's exhaustion requirement" because "the date of the amended complaint cannot serve as the date the federal suit was 'instituted'").

The premises considered, it is hereby

**ORDERED** that the motion to dismiss docketed at ECF Number 20 is **GRANTED**; it is further

**ORDERED** that the complaint against St. Thomas East End Medical Center Corp and Nachet Williams-Prince[3] is **DISMISSED**; it is further

**ORDERED** that all pending motions are **MOOT**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

**Dated:** August 12, 2020    *s/ Robert A. Molloy*  
**ROBERT A. MOLLOY**  
**District Judge**

---

[2] There is no dispute that Defendants STEEMC and Williams-Prince are covered by the FTCA.

[3] Because the FTCA applies to employees acting within the scope of his or her employment and that the United States certified that Williams-Prince was acting within the scope of her employment at the time of the factual allegations giving rise to this lawsuit, this Court's reasoning to dismiss the STEEMC for failure to exhaust administrative remedies applies to Williams-Prince as well.